1
2
3
4
5
6
7
8                          IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GONZALO CONTRERAS,

11                 Petitioner,                    No. CIV S-09-2812 GEB DAD P

12          vs.

13   JOHN C. HAVILAND,

14                 Respondent.             FINDINGS & RECOMMENDATIONS

15   _____/

16          Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges the decision of the California Board

18   of Parole Hearings (hereinafter "Board") to deny him parole at his parole consideration hearing

19   held on September 12, 2007.  He claims that the Board's decision violated his right to due

20   process.  Upon careful consideration of the record and the applicable law, the undersigned will

21   recommend that petitioner's application for habeas corpus relief be denied.

22   I.  Procedural Background

23          Petitioner is confined pursuant to a 1996 judgment of conviction entered against

24   him in the Los Angeles County Superior Court following his conviction on a charge of second

25   degree murder with use of a firearm.  (Pet. at 3.)  Pursuant to that conviction, petitioner was

26   sentenced to eighteen years to life in state prison.  (Id.)

                                                 1

The parole consideration hearing that is placed at issue by the instant federal habeas petition was held on September 12, 2007.  (Pet., Ex. E.)  Petitioner appeared at and participated in the hearing.  (Id. at 2-47.)  Following deliberations held at the conclusion of the hearing, the Board panel announced both their decision to deny petitioner parole for four years and the reasons for that decision.  (Id. at 48-53.)

Petitioner challenged the Board's 2007 decision in a petition for writ of habeas corpus filed in the Los Angeles County Superior Court.  (Answer, Ex. 1.)  That court denied the petition in a decision on the merits of petitioner's claims.  (Answer, Ex. 2.)  Petitioner subsequently challenged the Board's 2007 decision in a petition for writ of habeas corpus filed in the California Court of Appeal for the Second Appellate District.  (Answer, Ex. 3.)  That petition was denied with citations to In re Lawrence, 44 Cal.4th 1181 (2008) and In re Shaputis, 44 Cal.4th 1241 (2008).  (Answer, Ex. 4.)  Petitioner subsequently filed a petition for writ of habeas corpus in the California Supreme Court.  (Answer, Ex. 5.)  That petition was summarily denied.  (Answer, Ex. 6.)

Petitioner then filed his federal application for habeas relief  in this court.  In essence, petitioner claims that the Board's 2007 decision to deny him parole was not supported by "some evidence" that he posed a current danger to society, as required under California law, but was based instead on improper factors, including a policy to deny parole to prison inmates even though they are no longer dangerous.  (Pet. at 1, 9-31.)

II.  Scope of Review Applicable to Due Process Challenges to the Denial of Parole

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law.  A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient.  Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

1    A protected liberty interest may arise from either the Due Process Clause of the

2  United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an

3  expectation or interest created by state laws or policies."  Wilkinson v. Austin,  545 U.S. 209,

4  221 (2005).  See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987).  The United States

5  Constitution does not, of its own force, create a protected liberty interest in a parole date, even

6  one that has been set.  Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of

7  Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted

8  person to be conditionally released before the expiration of a valid sentence.").  However, a

9  state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release

10  will be granted" when or unless certain designated findings are made, and thereby gives rise to a

11  constitutional liberty interest.  Greenholtz, 442 U.S. at 12.  See also Allen, 482 U.S. at 376-78.

12    California's parole scheme gives rise to a liberty interest in parole protected by the

13  federal Due Process Clause.  Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th

14  Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout v.

15  Cooke, 562 U.S. ___ , ___, 131 S. Ct. 859, 861-62 (2011) (finding the Ninth Circuit's holding in

16  this regard to be a reasonable application of Supreme Court authority); Pearson v. Muntz,

17  ___F.3d___, 2011 WL 1238007, at *4 (9th Cir. Apr. 5, 2011) ("[Swarthout v.] Cooke did not

18  disturb our precedent that California law creates a liberty interest in parole.")  In California, a

19  prisoner is entitled to release on parole unless there is "some evidence" of his or her current

20  dangerousness.  In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29

21  Cal.4th 616, 651-53 (2002).

22    In Swarthout, the Supreme Court reviewed two cases in which California

23  prisoners were denied parole - in one case by the Board, and in the other by the Governor after

24  the Board had granted parole.  Swarthout, 131 S. Ct. at 860-61.  The Supreme Court noted that

25  when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment

26  requires fair procedures, "and federal courts will review the application of those constitutionally

3

1  required procedures." Id. at 862.  The Court concluded that in the parole context, however, "the

2  procedures required are minimal" and that the "Constitution does not require more" than "an

3  opportunity to be heard" and being "provided a statement of the reasons why parole was denied."

4  Id. (citing Greenholtz, 442 U.S. at 16).  The Supreme Court therefore rejected Ninth Circuit

5  decisions that went beyond these minimal procedural requirements and "reviewed the state

6  courts' decisions on the merits and concluded that they had unreasonably determined the facts in

7  light of the evidence." Swarthout, 131 S. Ct. at 862.  In particular, the Supreme Court rejected

8  the application of the "some evidence" standard to parole decisions by the California courts as a

9  component of the federal due process standard.  Id. at 862-63.[1]  See also Pearson, 2011 WL

10  1238007, at *4.

11  III.  Petitioner's Claims

12          As noted above, petitioner seeks federal habeas relief on the grounds that the

13  Board's 2007 decision to deny him parole, and the findings upon which that denial was based,

14  were not supported by "some evidence" that he would pose a current danger to society if

15  released, as required under California law.  However, under the Supreme Court's decision in

16  Swarthout this court may not review whether California's "some evidence" standard was

17  correctly applied in petitioner's case.  131 S. Ct. at 862-63; see also Miller v. Oregon Bd. of

18  Parole and Post-Prison Supervision, ___F.3d___, 2011 WL 1533512, at *5 (9th Cir. Apr. 25,

19  2011) ("The Supreme Court held in [Swarthout v.] Cooke that in the context of parole eligibility

20  decisions the due process right is procedural, and entitles a prisoner to nothing more than a fair

21  hearing and a statement of reasons for a parole board's decision[.]"); Roberts v. Hartley,

22

23          [1]  In its per curiam opinion the Supreme Court did not acknowledge that for twenty-four

24  years the Ninth Circuit had consistently held that in order to comport with due process a state
    parole board's decision to deny parole had to be supported by "some evidence," as defined in

25  Superintendent v. Hill, 472 U.S. 445 (1985), that bore some indicia of reliability.  See Jancsek v.
    Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); McQuillion v. Duncan, 306 F.3d

26  895, 904 (9th Cir. 2002) ("In Jancsek . . . we held that the process that is due in the parole
    rescission setting is the same as the Supreme Court outlined in Superintendent v. Hill . . . .")

1   ___F.3d___, 2011 WL 1365811, at *3 (9th Cir. Apr. 12, 2011) (under the decision in <u>Swarthout</u>,

2   California's parole scheme creates no substantive due process rights and any procedural due

3   process requirement is met as long as the state provides an inmate seeking parole with an

4   opportunity to be heard and a statement of the reasons why parole was denied); <u>Pearson</u>, 2011

5   WL 1238007, at *3 ("While the Court did not define the minimum process required by the Due

6   Process Clause for denial parole under the California system, it made clear that the Clause's

7   requirements were satisfied where the inmates 'were allowed to speak at their parole hearings

8   and to contest the evidence against them, were afforded access to their records in advance, and

9   were notified as to the reasons why parole was denied.'")

10           The federal habeas petition pending before the court in this case reflects that

11   petitioner was represented by counsel at his 2007 parole suitability hearing.  (Pet., Ex. E at 4.)

12   As noted above, the record also establishes that at that hearing petitioner was given the

13   opportunity to be heard and received a statement of the reasons why parole was denied by the

14   Board panel.  That is all the process that was due petitioner under the Constitution.  <u>Swarthout</u>,

15   131 S. Ct. 862; <u>see also</u> <u>Miller</u>, 2011 WL 1533512, at *5; <u>Roberts</u>,2011 WL 1365811, at *3;

16   <u>Pearson</u>, 2011 WL 1238007, at *3.  It now plainly appears that petitioner is not entitled to relief

17   with respect to his due process claims.  The pending habeas petition should therefore be denied.

18   IV.  <u>Conclusion</u>

19           Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for

20   a writ of habeas corpus be denied.

21           These findings and recommendations are submitted to the United States District

22   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

23   one days after being served with these findings and recommendations, any party may file written

24   objections with the court and serve a copy on all parties.  Such a document should be captioned

25   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

26   shall be served and filed within fourteen days after service of the objections.  Failure to file

1  objections within the specified time may waive the right to appeal the District Court's order.

2  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

3  1991).

4         In any objections he elects to file, petitioner may address whether a certificate of

5  appealability should issue in the event he files an appeal of the judgment in this case.  See Rule

6  11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a

7  certificate of appealability when it enters a final order adverse to the applicant); Hayward v.

8  Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of

9  appealability to review the denial of a habeas petition challenging an administrative decision

10  such as the denial of parole by the parole board).

11  DATED: May 20, 2011.

12

13                                    _____

14                                    DALE A. DROZD
                                      UNITED STATES MAGISTRATE JUDGE

15  DAD:8
    contreras2812.hc

16

17

18

19

20

21

22

23

24

25

26